UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81555-CIV-ALTMAN

**LAURA LOOMER**,

    **Plaintiff**,

v.

**NEW YORK MEDIA, LLC,** *et al.*,

    **Defendants**.

_____/

## **ORDER**

**THIS MATTER** comes before the Court upon a *sua sponte* review of the record. The Plaintiff filed her Complaint on November 14, 2019. *See* Complaint [ECF No. 1] at 1. In her Complaint, the Plaintiff brings claims against three limited liability companies. *See* Compl. at 1–2. But she never alleges the citizenship of the members of any of those companies. And, "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, to "sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all partners of the limited partnership." *Id.* at 1022.

Accordingly, on November 18, 2019, the Court ordered the Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See* Order to Show Cause [ECF No. 4]. In that Order, the Court made clear that any "response must include a complete list of the Defendants' members and their respective citizenships." Order at 2. "Failure to comply" with those terms, the Court warned, "will result in dismissal without further notice." *Id.*

The Plaintiff responded on November 22, 2019. *See* Response to Order to Show Cause

[ECF No. 6]. But, in that Response, she failed to provide the citizenship of <u>any</u> member of <u>any</u> of the LLC's. Instead, she asked the Court for a "brief stay" so that the Defendants can be served and then, presumably, promptly move to dismiss the case themselves. *Id.* at 2. Because the Defendants are in the best position to know their citizenship, the Plaintiff says, "the balance of interests and fairness weigh in favor of this brief stay." *Id.*

They do not. Stays are meant to conserve judicial resources—not to waste them. *See, e.g.*, *Finley v. United States*, 612 F.2d 166, 173 (5th Cir. 1980) (case should be stayed when failure to grant stay "yields a lamentable waste of judicial resources"). Allowing the Defendants to be served and dragged into court simply to argue an issue the Court has already identified—an issue the Plaintiff has already had an opportunity to brief—would "yield[] a lamentable waste of judicial resources." *Id.* Indeed, as the Eleventh Circuit has explained, the Defendants are in no better position than is the Court to raise questions of subject matter jurisdiction. *See, e.g.*, *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted).[1] And the Plaintiff will be in no better position to know the citizenship of the Defendants at that time. This Court will not allow the case to languish on the docket simply to allow the Plaintiff to complete the work she should have done before filing her Complaint.

Because the Plaintiff has failed to carry her burden of establishing that this Court has subject matter jurisdiction over this case, the Court hereby

**ORDERS** that this case is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED as moot**.

---

[1] It is, after all, the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 25th day of November 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record